IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RODNEY CAMERON DAVIS,**

    Petitioner,

v.                                           Civil Action No. **3:09CV37**

**R. W. MITCHELL,**

    Respondent.

## MEMORANDUM OPINION

Petitioner Rodney Davis, a former Virginia state inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Davis challenges his convictions for two counts of distribution of cocaine. The Respondent filed a motion to dismiss and appropriate *Roseboro*[2] notice. Respondent contends that Davis's claims are procedurally defaulted. Petitioner has responded, and the matter is ripe for disposition. This matter is also before the Court on Petitioner's motion for discovery.

### I. Procedural History

On July 14, 2004, Petitioner pled guilty to two counts of distribution of cocaine in the Circuit Court of Fairfax County ("Circuit Court"). On December 17, 2004, the Circuit Court sentenced Petitioner to two active terms of imprisonment of five years and four months, with

---

[1] 28 U.S.C. § 2254 states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

four years and eight months suspended on each count. The sentences were to run concurrent to each other, but consecutive to a separate sentence imposed in Arlington County. On June 9, 2005, the Circuit Court entered final judgment after denying various post-trial motions.

A. **State Habeas Review**

On January 10, 2006, Petitioner filed a state habeas petition. Petitioner raised the following claims:[3]

| | |
|---|---|
| Claim a | Trial Counsel's ineffective pretrial assistance acted to violate my Constitutional rights. Bobby B. Stafford failed and refused to make proper trail preparations, interview witnesses, or conduct proper legal research. |
| Claim b | Trail Counsel's ineffective assistance as to plea acted to violate my Constitutional rights. Bobby B. Stafford failed or refused to conduct a reasonably adequate investigation or provide me with reasonably competent advice before urging me to enter a plea of guilty; thus rendering my plea unintelligent. |
| Claim c | Trail counsel's ineffective assistance as to sentencing acted to violate my Constitutional rights. Bobby B. Stafford deprived me of a fair sentencing hearing by failing or refusing to aid in marshaling the facts, introducing evidence of mitigation, and in generally aiding and assisting me in the presentation of my case as to sentencing. |
| Claim d | Trial and post-conviction counsels' ineffective assistance as to appeal, acted to violate my Constitutional rights. Bobby B. Stafford, David Bahuraik, and Edward Crisonino acted to deprive me of my right as to appeal by failing or refussing to investigate appealable issues, advise me of my rights as to appeal, or timely file notice of appeal. |
| Claim e | The Commonwealth's Attorney for Fairfax county acted, in violation of my Constitutional rights, by materially breaking the terms of my plea of guilty. |
| Claim f | The Commonwealth's Attorney for Fairfax County acted in violation of my Constitutional rights by the presentation and use of false, improper, |

---

[3] Petitioner's claims are reproduced verbatim, with any errors of spelling or grammar intact.

2

|  |  |
|---|---|
|  | misleading, and unsubstantiated evidence; thus depriving me of a full and fair hearing. |
| Claim g | The Commonwealth's Attorney for Fairfax County acted in violation of my Constitutional rights by failing or refusing to correct false, improper, misleading/and unsubstantiated evidence. |
| Claim h | The Commonwealth's Attorney for Fairfax County acted in violation of my Constitutional rights by using improper methods at trail calculated to produce unjust results. |
| Claim i | The Commonwealth's Attorney For Fairfax County acted in violation of my Constitutional rights by engaging in selective prosecution. |
| Claim j | The Commonwealth's Attorney for Fairfax County acted in violation of my Constitutional rights by referring to my post-Miranda silence as a sign of deception on my part. |
| Claim k | The Commonwealth's Office of Probation acted in Violation of my Constitutional rights by failing or refusing to ensure the accuracy, completeness, fairness, or reliability of the information included in and used in the creation of my Presentencing Investigation. |
| Claim l | The Commonwealth's Office of Probation acted in violation of my Constitutional rights by being willfully deceptive to me as well as the Court. |
| Claim m | Trial Judge acted in violation of my Constitutional rights by failing to ensure the accuracy, reliability, or fairness of the information used in my sentencing. |
| Claim n | Trial Judge acted in violation of my Constitutional rights by denying me the opportunity to ensure the accuracy of the information proffered during my sentencing hearing. |
| Claim o | Trail Judge acted in violation of my Constitutional rights by predicating my sentence on assumptions not founded in the evidence or which were materially false. |
| Claim p | Trail Judge acted in violation of my Constitutional rights by predicating her finding of guilt on assumptions not founded in the evidence or which were materially false. |

| | |
|---|---|
| Claim q | Trial Judge acted in violation of my Constitutional rights by not withholding her determination of guilt until sentencing as agreed. |
| Claim r | Trial Judge acted in violation of my Constitutional rights by not instructing me as to appeal. |

(Pet. Ex. 1, at 6-8.)

On October 26, 2006, the Circuit Court granted in part and denied in part the petition. *Davis v. Johnson*, No. CL-2006-395 (hereinafter "State Hab. Op."). The Circuit Court rejected Claims e-r because Petitioner had not raised the issues on trial and appeal, *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974), because Petitioner's claims contradicted representations made during his plea proceedings, *Anderson v. Warden*, 281 S.E.2d 885, 888 (Va. 1981), and because the claims were too conclusory to state a claim for relief pursuant to *Penn v. Smyth*, 49 S.E.2d 600, 601 (Va. 1948). State Hab. Op. 7-8. The Circuit Court rejected Claims a-c on two alternate grounds: because Petitioner's submissions did not demonstrate that counsel had rendered ineffective assistance, and because Petitioner's "self-serving complaints about Mr. Stafford are blatantly and wholly inconsistent with what [Petitioner] said when he pled guilty. [*See Anderson*, 281 S.E.2d at 888]." State Hab. Op. 9. The Circuit Court granted relief on Claim d, and allowed Petitioner to file a belated appeal. The remaining claims were dismissed with prejudice.

Petitioner appealed the Circuit Court's denial of the claims other than Claim d. The Supreme Court of Virginia did not consider the merits of his appeal, however, because Petitioner did not challenge the Circuit Court's application of *Anderson*, which constituted an independent ground for the Circuit Court's judgment. *Davis v. Johnson*, 652 S.E.2d 114, 655-56 (Va. 2007).

4

B.  **Belated Appeal Proceedings**

Petitioner raised the following claims on direct appeal:

Claim 1.   The Circuit Court erred in finding that Petitioner's guilty plea was made voluntarily with an understanding of the nature of the charge and the consequences of the plea.

Claim 2.   The Circuit Court erred in sentencing Petitioner to a ten-year term of incarceration with four years and eight months suspended despite language in the plea forms indicating that any sentence of incarceration would be followed by "an additional term of not less than six months nor more than three years, all of which shall be suspended, conditioned upon successful completion of a period of post release supervision."

On July 6, 2007, the Court of Appeals rejected both claims because they had not been raised at trial, in violation of Rule 5A:18[4] of the Rules of the Supreme Court of Virginia. *Davis v. Commonwealth*, No. 3177-06-4 (Va. App.). On November 28, 2007, the Supreme Court of Virginia refused Petitioner's appeal.

C.  **Claims Raised in the Instant Petition**

Petitioner raises the following claims in his federal habeas petition:[5]

Claim A   Trial counsel's ineffective pre-trial assistance acted to violate petitioner's 6th Amendment Constitutional rights to effective counsel. Bobby Stafford failed and refused to make proper trial preparations, interview witnesses, or conduct proper legal research. (Pet. Ex. 2, at 1.)

Claim B   Trial Counsel's ineffective assistance as to plea acted to violate the petitioner's 6th Amendment Constitutional rights to effective counsel. Mr. Stafford failed or refused to conduct a reasonably adequate

---

[4] Rule 5A:18 provides: "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal."

[5] These claims are also reproduced without alteration.

|  |  |
|---|---|
| | investigation or provide the petitioner with reasonably competent advice before urging the petitioner to enter a plea of guilty, thus rendering the petitioner's plea unintelligent. (Pet. Ex. 2, at 6.) |
| Claim C | Trial counsel's ineffective assistance as to sentencing acted to violate petitioner's 6th Amendment Constitutional rights to effective counsel. Bobby B. Stafford deprived the petitioner of a fair sentence hearing by failing or refusing to aid in marshalling the facts, introducing evidence of mitigation, and in generally acting and assisting the petitioner in the presentation of his case as to sentencing. (Pet. Ex. 2, at 9.) |
| Claim E[6] | The Commonwealth's Attorney for Fairfax County acted in violation of the petitioner's 14th Amendment "Due Process" Constitutional rights by materially breaking the terms of the petitioner's plea of guilty. (Pet. Ex. 2, at 48.) |
| Claim F | The Commonwealth's Attorney for Fairfax County acted in violation of the petitioner's 5th Amendment *Miranda*, 14th Amendment "Due Process," and 6th Amendment "Confrontation Clause" Constitutional rights by the presentation and use of false, improper, misleading and unsubstantiated evidence, thus depriving the petitioner of a full and fair hearing. (Pet. Ex. 2, at 50.) |
| Claim G | The Commonwealth's Attorney for Fairfax County acted in violation of the petitioner's 5th Amendment *Miranda*, 14th Amendment "Due Process," and 6th Amendment "Confrontation Clause" Constitutional rights by failing or refusing to correct false, improper, misleading and unsubstantiated evidence. (Pet. Ex. 2, at 62.) |
| Claim H | The Commonwealth's Attorney for Fairfax County acted in violation of the petitioner's 5th Amendment *Miranda*, 14th Amendment "Due Process," and 6th Amendment "Confrontation Clause" Constitutional rights by using improper, methods at trial calculated to produce unjust results. (Pet. Ex. 2, at 65.) |
| Claim I | The Commonwealth's Attorneys for Fairfax County acted in violation of petitioner's 14th Amendment "Equal Protection" Constitutional rights by engaging in selective prosecution. (Pet. Ex. 2, at 77.) |
| Claim J | The Commonwealth's Attorneys for Fairfax County acted in violation of the petitioner's 5th Amendment *Miranda* and 14th Amendment "Due |

---

[6] The instant petition does not include a Claim D.

| | |
|---|---|
| | Process" Constitutional rights by referring to petitioner's post-Miranda silence as a sign of deception on the petitioner's part. (Pet. Ex. 2, at 78.) |
| Claim K | The Commonwealth's Office of Probation acted in violation of the petitioner's 14th Amendment "Due Process" Constitutional rights by failing or refusing to ensure the accuracy, completeness, fairness, and, or reliability of the information included in and used in the creation of the petitioner's Pre-sentencing Investigation (PSI). (Pet. Ex. 2, at 79.) |
| Claim L | The Commonwealth's Office of Probation acted in violation of petitioner's 14th Amendment "Due Process" Constitutional rights by being willfully deceptive to petitioner as well as the Court. (Pet. Ex. 2, at 80.) |
| Claim M | Trial Judge acted in violation of the petitioner's 14th Amendment "Due Process" Constitutional rights by failing to ensure the accuracy, reliability or fairness of the information used in petitioner's sentencing. (Pet. Ex. 2, at 82.) |
| Claim N | Trial Judge acted in violation of petitioner's 14th Amendment "Due Process" Constitutional rights by denying petitioner the opportunity to ensure the accuracy of the information proffered during petitioner's sentencing hearing. (Pet. Ex. 2, at 85.) |
| Claim O | Trial Judge acted in violation of petitioner's 14th Amendment "Due Process" Constitutional rights by predicating petitioner's sentence on assumptions not founded in the evidence or which were materially false. (Pet. Ex. 2, at 87.) |
| Claim P | Trial Judge acted in violation of petitioner's 14th Amendment "Due Process" Constitutional rights by not withholding her determination of guilt until sentencing as agreed. (Pet. Ex. 2, at 90.) |

Respondent argues only that these claims are all procedurally defaulted.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

State exhaustion "'is rooted in considerations of federal-state comity'" and in Congressional determination, via federal habeas laws, "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle* 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n.10 (1973)). "In the

interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997)). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthews*, 105 F.3d at 911 (*citing Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). "Because procedural default constitutes an affirmative defense in habeas cases, the burden rests with a state to prove" that an asserted procedural bar is adequate and independent. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Furthermore, a federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court is precluded from reviewing the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

## A. Respondent's Argument that *Anderson* Bars all of Petitioner's Claims

Respondent claims that Petitioner's claims are procedurally defaulted because the Circuit Court applied the rule in *Anderson v. Warden*, 281 S.E.2d 885 (Va. 1981), refusing to consider his claims on habeas review because Petitioner's allegations contradicted his representations at his guilty plea colloquy. (Br. Supp. Mot. Dismiss 7-8.) Respondent fails to acknowledge, however, that the rule in *Anderson* is not considered an adequate and independent ground for procedural default. *Royal v. Taylor*, 188 F.3d 239, 247-48 (4th Cir. 1999); *Slavek*, 359 F. Supp. at 490-91. As such, the Court cannot grant the motion to dismiss based on Respondent's argument that Davis's guilty plea precludes his bringing these claims.[7] Accordingly, Respondent will be ORDERED to file, within thirty (30) days of the date of entry hereof, a brief stating Respondent's position on the merits of Claims A-C.

## B. Respondent's Additional Arguments as to Claims E-P

Respondent further argues that Claims E-P are procedurally defaulted because the Virginia Court of Appeals found them barred by the contemporaneous objection requirement of Rule 5A:18 of the Rules of the Supreme Court of Virginia. Respondent also recognizes, however, that the claims raised on direct appeal "appear to be distinct from any present allegations (e) through (p)." (Br. Supp. Mot. Dismiss 6.) Thus, the Court cannot find that the Court of Appeals of Virginia applied Rule 5A:18 to the claims Petitioner raises here.

---

[7] Respondent also claims generally, without citation to the record, that Petitioner "raises numerous factual and legal claims not set forth in his state habeas petition and, in particular, his state habeas appeal." (Br. Supp. Mot. Dismiss 9.) Respondent does not specify which legal and factual claims give rise to this assertion. Respondent has not met his burden to show where such inconsistencies occur.

9

Respondent also appears to argue that Claims E-P are barred because Petitioner did not raise them on direct appeal and could not raise them now. Respondent's argument fails because Petitioner properly exhausted his claims by presenting them on state habeas review. *Slavek*, 359 F. Supp. 2d at 479 (holding that claims were exhausted "because the record clearly reflects that [the petitioner] properly presented all of the claims asserted here in his state habeas petition"); *see also Baker v. Corcoran*, 220 F.3d 276, 291 (4th Cir. 2000) (holding that a petitioner properly exhausted claims raised for the first time in a motion to reopen post-conviction proceedings). Although the Supreme Court of Virginia applied *Anderson* to reject Petitioner's claims, *Anderson* is not an adequate and independent ground for procedural default. Therefore, Petitioner's claims are not procedurally defaulted on any ground advanced by Respondent.[8]

It appears to the Court that Claims E-P may be procedurally barred due to the Circuit Court's application of the rule in *Slayton* on state habeas review. Respondent will be ORDERED to file, within thirty (30) days of the date of entry hereof, a brief stating Respondent's position on this issue, or on the merits of Claims E-P. Petitioner may file a response within twenty (20) days of the date Respondent files the brief.

### III. Petitioner's Motion for Discovery

Petitioner has also filed a motion for discovery. Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may

---

[8] Although Respondent does not address this issue, the rule in *Penn v. Smyth*, 49 S.E.2d 600, 601(Va. 1948), which the Circuit Court applied to bar Claims e-r, does not constitute an adequate and independent ground for procedural default where, as here, the state court did not give the petitioner an opportunity to particularize his allegations after deeming them too conclusory. *See Henry v. Murray*, No. 91-6684, 1993 WL 22008, at *1 (4th Cir. Feb. 3, 1993).

10

limit the extent of discovery." Petitioner seeks discovery relating to the merits of his claims. In a habeas action, discovery is inappropriate unless the allegations in the petition state a claim for relief. *See Townes v. Jarvis*, 577 F.3d 543, 550 (4th Cir. 2009) (explaining that a petition that does not survive scrutiny under Rule 12(b)(6) is "'properly dismissed without an evidentiary hearing or discovery'" (*quoting Wolfe v. Johnson*, 565 F.3d 140, 160 (4th Cir. 2009))). Because the Court has yet to determine whether Petitioner has stated a claim for relief and which, if any, of his claims have been procedurally defaulted, Petitioner's motion for discovery will be DENIED WITHOUT PREJUDICE to resubmit if discovery becomes necessary.

### IV. Conclusion

Respondent's motion to dismiss (Docket No. 17) will be DENIED. Respondent will be ORDERED to file, within thirty (30) days of the date of entry hereof, a brief stating Respondent's position on whether the Circuit Court's application of the rule in *Slayton* procedurally bars Claims E-P, on the merits of Claims E-P, and on the merits of Claims A-C. Petitioner may file a response within twenty (20) days of the date Respondent files the brief.

Petitioner's motion for discovery (Docket No. 27) will be DENIED WITHOUT PREJUDICE.

The clerk is DIRECTED to send a copy of the Memorandum Order to Petitioner and counsel for Respondent.

And it is so ORDERED.

/s/ MHL
M. Hannah Lauck
United States Magistrate Judge

Date: 3-24-10
Richmond, Virginia

11